No. 10,987.

DOUTHITT v. HOOVER.

Decided June 2, 1924.

*Reversed.*

*On Application for Supersedeas.*

1.  WITNESSES—*Impeachment.* Questions propounded to a witness as to her testimony on a former trial of the cause, held to establish a proper foundation for impeachment.

2.  *Impeachment—Former Statements.* In laying the foundation for the impeachment of a witness, based on alleged former statements, it is not necessary to give the exact language used, the substance is sufficient.

3.  *Impeachment—Contradictory Statements.* A witness having denied the making of alleged prior inconsistent or contradictory statements, evidence that he did make such or substantially such statements as alleged, is proper.

4.  *Impeachment—Oral Testimony.* In impeaching a witness on the ground of prior inconsistent evidence, the former evidence may be established by the testimony of any person who can swear to it from memory.

*Error to the County Court of Garfield County, Hon. J. W. Bell, Judge.*

SADIE H. KORN, for plaintiff in error.

Mr. J. W. DOLLISON, Mr. C. W. FULGHUM, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action which was originally instituted in a justice court to recover damages for injuries to plaintiff's horse which, it is claimed, was struck by an automobile driven by defendant. The defendant applies for a supersedeas on a judgment against him, obtained by plaintiff in the county court. A horse belonging to plaintiff was injured, in some manner, and was found with a broken front

leg beside a highway, and near a dwelling occupied by plaintiff's witness, Mrs. Barr. The defendant and his wife admitted having traveled upon that road, and passing a herd of horses, but each denied that the car collided with or struck any animal, and each denied any negligent driving of the machine. Mrs. Barr, on behalf of plaintiff, testified, in part, as follows: "Well, the car when I seen it, it kept honking for the horses to get out of the way. * * * After it (the horse) started to whirl the car hit it. * * * The defendant was in the car."

Plaintiff had no other eye witness of the alleged accident. Mrs. Barr was a witness for plaintiff in the former trial, which was in justice court. For the purpose of impeaching this witness at the last trial, defendant offered to prove by the witness Underhill that at the former trial Mrs. Barr was asked on cross-examination whether she saw the automobile strike the horse and that she answered "No:" that she was further asked how she knew that the horse had been struck by the automobile, and she answered "Because I heard a noise;" that she was then asked the question: "What was the character of the noise?" and she answered that it was "in the nature of a pop." The court refused to allow the jury to receive this impeaching evidence, and error is assigned to such refusal.

The materiality of the former inconsistent or contradictory statements and of this impeaching evidence is not, and cannot be, questioned. Plaintiff now seeks to uphold the refusal of the court to admit this evidence by asserting that "defendant failed to lay the proper foundation for impeaching testimony." The record shows, however, that the proper foundation was laid. In addition to other questions, relating to time and place, etc., counsel for defendant, in laying this foundation, propounded the following questions to Mrs. Barr on cross-examination: "Is it not a fact that you said * * * that you did not see the car strike the horse?" "Is it not a fact that you stated * * * that you did not see the car strike the horse but you just heard

a noise like a pop, shot or something of that character?" To each of these questions she answered "No."

It is not necessary, in laying the foundation, to give the exact language of the alleged statement; the substance is sufficient. 5 Jones, Comm. on Ev. § 846; 40 Cyc. 2732.

The witness Barr, sought to be impeached, having denied the making of the alleged prior inconsistent or contradictory statements, it was proper for defendant to introduce evidence that she did make such, or substantially such, statements in her testimony at the former trial. 40 Cyc. 2735. The former evidence of a witness may be established by the testimony of any person who can swear to it from memory. 22 C. J. 442; 40 Cyc. 2739; Id. 2748.

It was error to refuse the impeaching evidence. The judgment is reversed and the cause remanded for new trial.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE BURKE, concur.